JOHN R. JONES v. N. T. AVANT.

A LANDLORD'S LIEN FOR ADVANCEMENTS, although based only upon a verbal contract, if possession has been taken of the growing crops under such contract by the landlord, he has priority over an execution creditor on a levy upon such crops.

APPEAL from Henderson. Tried below before the Hon. M. H. Bonner.

This was a suit in the court below by N. T. Avant against John R. Jones, to enjoin the sale of a bale of cotton levied on under two executions as the property of James Hanna. The executions were issued on two judgments rendered by a justice of the peace of Henderson county in 1873, in favor of Jones & Evans, against James Hanna, and were levied on

the cotton by John C. Goodgame, sheriff of the county, in the possession of N. T. Avant.

The petition shows on its face substantially that in 1873 James Hanna rented of N. T. Avant a farm in Henderson county, Texas; that it was agreed between them that Hanna should cultivate the farm in a good and farmer-like manner; that he was to be controlled exclusively by Avant in the kind of produce to be grown on the farm in 1873, and especially in the quantity of corn and cotton to be planted; that Avant was to furnish Hanna with provisions for himself and family, and with teams and implements necessary to make the crop; that Hanna was to gather and deliver the crop to Avant; that Avant was to take out of the crop one hundred and fifty dollars for rent and enough to reimburse him for his rents, and turn over the balance to Hanna; and that Hanna was not to have possession or control of the crop until Avant had gotten his rent and pay for his advancements; that Avant made to Hanna, advancements to the amount of two hundred and fifty dollars; that Hanna gathered one thousand pounds of the cotton, and about the 15th of October, 1873, abandoned the crop and farm, leaving the cotton he had gathered, and has not since then gathered any more of the cotton, nor returned to or controlled the premises and crop; that since Hanna's abandonment of the farm and crop, Avant has gathered about fifteen hundred pounds of cotton, which, with that gathered by Hanna, makes twenty-five hundred pounds of cotton which was preserved on the premises, was in the possession of Avant, and was his property, and that Hanna had no interest in it whatsoever; that John C. Goodgame, sheriff of Henderson county, levied two executions on this cotton from a justice's court in favor of Jones & Evans against James Hanna, as the property of Hanna, one for seventeen dollars debt and damages and two dollars and eighty cents costs, and the other for eighty-nine dollars and twenty cents debt and damages and two dollars and

twenty cents costs, and had advertised to sell the cotton on the 17th of November, 1873, and that by the sale of the cotton under the executions Avant would be irreparably injured. The petition concludes with a prayer for the writ of injunction and for citations, &c.

Jones, the defendant, moved to dissolve the injunction for want of equity in the bill, because it showed no proceedings establishing plaintiff's rights in the property levied on; because the petition does not show a written contract for lien on the property in favor of plaintiff; because the petition does not negative the existence of other sufficient property subject to lien to satisfy the rents due; and that there is no valid mortgage shown to secure payment for supplies, &c.

Defendant answered, insisting that a sufficiency remained of the crop grown by Hanna to satisfy Avant's claim for rent, but resisting the claim upon the crop to secure the advancements, and insisting upon a right to payment next after the rents due should be satisfied.

Upon special issues submitted by the court, the jury returned a verdict as follows:

"We, the jury, find that there was a contract made between the plaintiff, Avant, and said Hanna, as averred in plaintiff's petition. We further find that the said Hanna was to pay as rent for said land the sum of one hundred and fifty dollars. We further find that the said plaintiff, Avant, made advances to said Hanna under said contract, amounting in value to two hundred and fifty dollars. We, the jury, find that the defendant, Jones, had notice that the cotton about to be levied on was not Hanna's. We find that the cotton at the time of the levy was in the sole possession of said Avant. We find that the said Hanna raised a crop on said land, and that the same was of the reasonable value of two hundred and seventy-five dollars. We find that the said Hanna paid said Avant on advancements made to him the sum of twenty dollars."

It was admitted that the contract found by the jury to have been made between plaintiff and Hanna was verbal.

Upon this verdict and admission the court perpetuated the injunction, and rendered judgment for costs against defendants.

The defendants made a motion to reform the judgment, " because the special verdict shows that the amount for rents from Hanna to Avant was $150, and that Avant has in his possession (including the property levied on) the whole crop of Hanna, which was worth $275. And it is contended that Avant had no lien upon the property beyond sufficient to pay the $150 rents, and that the excess was liable to defendant's execution, notwithstanding Avant had a verbal contract that the value of advances made to make the crop should be paid out of such excess."

This motion, as well as motion for new trial, was overruled.

The errors assigned are, (1,) refusal of court to dissolve the injunction; (2,) admitting Avant's testimony as to amount of his advances, in absence of itemized bill of particulars; (4,) the judgment enjoining appellant upon the special issues as found; (5,) refusing to reform the judgment; and (6,) refusing motion for new trial.

There was no statement of facts.

*Faulk & Faulk* and *Jones & Henry*, for appellant.

No brief for appellee.

GOULD, ASSOCIATE JUSTICE.—There is no statement of facts in this case, and it is admitted by counsel who argued the cause for appellant that the only one of the errors assigned which can with propriety be considered is the overruling of the motion to dissolve the injunction. That assignment does not bring up the sufficiency of the petition to authorize the final judgment which was rendered perpetuating the injunction which the court had first re-

fused to dissolve. If it be conceded that it was error to refuse to dissolve the injunction, the action of the court on that motion was in the nature of an interlocutory order, and unless the final judgment perpetuating the injunction is erroneous, does not constitute any sufficient ground for the reversal of the cause. The fourth assignment, that the court erred in rendering judgment enjoining appellant upon the special issues as proved, appears to point out the issues submitted as insufficient, rather than to be aimed at the sufficiency of the case generally to authorize the judgment. It does not appear, however, that appellant at the trial objected to the issues or submitted other issues to the court. The view which we take of the assignments of error disposes of the objection that Hanna was not made a party, that the case was not one for equitable interposition, and reviews other objections to the petition which have been urged with force. We have the less hesitation in giving this construction to the assignments of error, and thus disposing of these objections, because counsel who appear to have conducted the case below, and who have also filed a separate brief for appellant, state in that brief that the main object of their appeal is to have the question settled "whether a verbal contract could be made which would bind the growing crops for anything except rents." We think the case presented by the record does not require the discussion of that question. The act of the present Legislature on the subject of landlord and tenant is a sufficient answer as to future cases between parties occupying that relation.

We think in the case before us the verdict of the jury establishes that appellee was in actual possession of that part of the crop levied on, under a contract entitling him to such possession, and that his rights were superior to those of appellant, who was simply an execution creditor of Hanna, and who is found by the jury to have had notice of appellee's rights. The verdict further shows that

the entire crop was insufficient to satisfy appellee's claim, and that there was nothing left subject to plaintiff's execution.

We see no error calling for the reversal of the case, and the judgment is accordingly affirmed.

AFFIRMED.